IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 10-cv-01192-MSK-MJW

ERIC VOGT,

       Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation,
ECHOSPHERE, L.L.C., a Colorado limited liability company,
ECHOSTAR SATELLITE, L.L.C., a Colorado limited liability company,
DISH NETWORK CORPORATION, a Nevada corporation,
DISH NETWORK L.L.C., a subsidiary of DISH Network Corporation, and
DISH NETWORK L.L.C. f/k/a EchoStar Satellite, L.L.C.,

       Defendants.

**OPINION AND ORDER DENYING
MOTION TO VACATE ARBITRATION AWARD**

**THIS MATTER** comes before the Court on the Plaintiff Eric Vogt's Motion to Vacate Arbitration Award and Remand for New Hearing **(#22)**. The Defendants (collectively, DISH) filed a Response **(#23)** to the motion, and Mr. Vogt replied **(#24)**.

**I. Background**

In 2010, Mr. Vogt initiated this action against DISH, his former employer, asserting various claims of employment discrimination because of his impaired vision. Shortly thereafter, the parties agreed to arbitrate all claims pursuant to an arbitration agreement that was executed by the parties when Mr. Vogt was hired.

In December 2011, the case was presented to a single arbiter. As required by the arbitration agreement, the arbitration hearing was conducted in accordance with the American Arbitration Association's (AAA) National Rules for the Resolution of Employment Disputes (the

1

Rules).  The arbitration was officially complete on March 16, 2012, when the arbiter received post-hearing briefs.  Under AAA Rules, the arbiter had 30 days from the close of the arbitration to issue an Award.

On May 10, 2012, the parties received a letter from the AAA case manager, which stated: "Please allow this [letter] to confirm our telephone conversations wherein I advised that the arbitrator needs additional time to render the award . . . . The Award is now due on or before June 8, 2012."  On June 20, 2012, the parties received the Award, which was dated June 8, 2012.  The Award was in favor of DISH, denying all of Mr. Vogt's claims without relief.  The arbiter found that Mr. Vogt's impaired vision did not amount to a "disability" under the Americans with Disabilities Act (ADA) and concluded that DISH had no duty to accommodate Mr. Vogt's vision problems or to transfer him to another job.

Mr. Vogt now moves **(#22)** to vacate the Award, alleging that (1) the arbiter exceeded his powers in delaying issuance of the Award; (2) the arbiter manifestly disregarded the law in finding that Mr. Vogt was not disabled under the ADA; and (3) the arbiter engaged in prejudicial conduct while examining witnesses at the arbitration hearing.

## II. Analysis

Judicial review of an arbitration award is highly deferential and strictly limited.  *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001).  Indeed, the deferential standard has been described as "among the narrowest known to the law."  *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995).  Under the Federal Arbitration Act, 9 U.S.C. § 10, the Court may set aside an award only where the award was procured by corruption or fraud; was the result of partiality by the arbiter; where the arbiter engaged in misconduct; or where the arbiter so exceeded or imperfectly executed his powers that a definite award on the matter submitted

was not made. In addition, there are a limited number of judicially-created grounds for vacating an award, including that the award violates public policy, that the arbiter manifestly disregarded the law, or that the arbiter denied the parties a fundamentally fair hearing. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001). Outside of these limited circumstances, the arbitration award must be confirmed, even in the fact of errors by the arbiter in factual findings or his interpretations of the law. *Id.* Mr. Vogt has the burden of establishing that grounds exist for vacating the award.

## A. Delayed Award

First, Mr. Vogt challenges the Award on procedural grounds. Mr. Vogt relies on AAA Rule 37 to argue that the arbiter "exceeded his powers and lost jurisdiction" to issue the Award when he extended the date for issuance until June 8, 2012. Mr. Vogt contends that although the arbiter was permitted to extend other deadlines for good cause, he was not permitted to extend the time for making the Award. According to the parties, Rule 37 provides:

> The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, *except the time for making the award*. The AAA shall notify the parties of any extension. (Emphasis added.)

The Court declines to set aside the Award for any failure by the arbiter to strictly adhere to this procedural rule. Mr. Vogt has not cited to any specific language in the AAA Rules, or elsewhere, that would revoke the arbiter's jurisdiction or render an Award non-binding if it is issued after the 30-day deadline. Further, there is no indication in the record that Mr. Vogt ever objected to the extension of time, nor has he established that he was prejudiced in any way by the arbiter's delay.

Indeed, the record shows that, at the very least, Mr. Vogt acquiesced to the delay. Prior to June 6, 2012, Mr. Vogt agreed to enter into settlement negotiations and attend mediation with the Defendants. On June 6, the parties communicated with the AAA case manager, informing her that they were in settlement negotiations and jointly requesting that the Award not be delivered to them before June 22, 2012. At that point, the parties had agreed that the arbiter would deliver the Award to the AAA by June 8, 2012, and that it would be held by the AAA until at least June 22. On June 20, 2012, counsel for Mr. Vogt emailed the AAA case manager informing her that mediation had failed and requesting "immediate issue" of the Award. Thus, it appears from the record that it was in Mr. Vogt's interest for the Award to be delayed. Having acquiesced to the delay, Mr. Vogt cannot now argue that the Award should be vacated because the arbiter extended the time for issuing the Award. In light of these facts, and the deference given to arbitration awards, the Court finds that Mr. Vogt has not established that the arbiter so exceeded his powers such that setting aside the Award would be warranted.

B.  Manifest Disregard for the Law

Next, Mr. Vogt contends that the arbiter manifestly disregarded the law in concluding that Mr. Vogt's vision impairment, due to diabetic retinopathy, was not a "disability" under the ADA as interpreted and applied in 2008.[1]

"Manifest disregard" of the law means more than simply misunderstanding the applicable law or erroneously applying it. *Sheldon*, 269 F.3d at 1207. To engage in "manifest disregard," the arbiter must be "willfully inattentive" to the governing law. *Id.*; *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005). Thus, the party asserting manifest disregard must show that the arbiter knew what the binding authority was and explicitly disregarded it.

---

[1] Mr. Vogt does not dispute the arbiter's decision to apply the ADA as it existed in 2008.

*Bowen*, 254 F.3d at 932. Notably, the "manifest disregard" standard applies only to conclusions of law; the arbitrator's factual findings are beyond review. *Kennecott Utah Copper Corp. v. Becker*, 195 F.3d 1201, 1204 (10th Cir. 1999).

Mr. Vogt asserts that the arbiter knew, yet disregarded, the standards that were clearly set forth in the very cases on which the arbiter ultimately relied. As the Court understands it, the thrust of Mr. Vogt's argument is that the arbiter misapplied the applicable law.

The primary issue before the arbiter was whether Mr. Vogt's major life activity of "seeing" was "substantially limited" by his vision impairment, such that he had a "disability" under the ADA as interpreted and applied in 2008. *See* 42 U.S.C. § 12102. The arbiter relied, in part, on *Sutton v. United Airlines*, 527 U.S. 471 (1999), and *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184 (2002), to find that Mr. Vogt's condition did not render him "disabled."[2] The *Sutton* case stands for the proposition that the determination of whether an individual is disabled should be made with reference to measures that mitigate the individual's impairment. In *Toyota*, the Supreme Court held that to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts him from doing activities that are of central importance to most people's daily lives, and that the impairment's impact must be permanent or long term.

The arbiter did not make any findings of law premised on these cases. Although this Court might disagree with the arbiter's application to the facts before him, it cannot conclude that he misstated the law. Even assuming that the arbiter erroneously applied the law, that is insufficient to establish that he acted with willful or explicit disregard. Mr. Vogt makes a convoluted and vague argument that the arbiter "made the decision not to award damages," and

---

[2] The arbiter recognized that both of these cases were subsequently overruled by the 2009 Amendments to the ADA, which went into effect on January 1, 2009.

as a result, the arbiter had to "justify a decision that was contrary to the applicable law." Mr. Vogt appears to imply that the arbiter made the decision not to award him damages without any reference to governing authority. Mr. Vogt provides no evidence to support his speculative and conclusory assertions, and indeed, the record shows otherwise. Thus, the Court cannot find that the arbiter manifestly disregarded the law in issuing the Award. To the extent Mr. Vogt is challenging the arbiter's factual findings, those finding are beyond the Court's review.

### C. Prejudicial Conduct

Finally, Mr. Vogt argues that the award should be vacated because the arbiter engaged in prejudicial conduct during the arbitration hearing. Specifically, Mr. Vogt asserts that the arbiter routinely interrupted the examination of witnesses to ask his own questions. Mr. Vogt does not dispute that the arbiter was permitted to question witnesses, but he contends that the arbiter "[took] control of the presentation of the case" and prejudiced his right to a full and fair hearing.

The Court rejects this argument. Mr. Vogt makes the conclusory assertion that the arbiter's conduct "compromised effective examination by all counsel," but he does explain how the examination was compromised. Nor does he provide specific evidence to support his assertion. Moreover, there is no indication in the partial transcript provided to the Court that Mr. Vogt ever objected to the arbiter's questions or to how the proceeding was being conducted. Indeed, the record shows that at one point, counsel for Mr. Vogt admitted that the arbiter's question "probably did expedite things, actually." Under the circumstances, the Court cannot find that the arbiter denied Mr. Vogt a full and fair hearing.

### III. Conclusion

For the forgoing reasons, the Court finds that Mr. Vogt has failed to establish any basis to vacate the arbitration award. Accordingly, Mr. Vogt's Motion to Vacate Arbitration Award and Remand for New Hearing **(#22)** is **DENIED**.

Dated this 21st day of May, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge